THE NEW SMYRNA INVESTMENT & LOAN COMPANY v. MATTIE L. RAINS and L. E. RAINS, her husband, Z. BASS and ANNIE E. BASS, his wife, and I. C. HUGHES.

165 So. 362.

Opinion Filed January 20, 1936.

*J. U. Gillespie,* for Appellant;

*Scarlett & Futch,* for Appellees.

PER CURIAM.—On July 21, 1932, the loan company, appellant here, filed a bill to foreclose mortgages upon real estate, making Mattie L. Rains, and L. E. Rains, her husband, and Z. Bass and Annie E. Bass, his wife, and I. C. Hughes defendants. On November 14, 1932, defendants Bass and wife filed their joint and several answer. On November 25, 1932, the plaintiff filed a motion "for a decree against the defendants, Z. Bass and Annie E. Bass, his wife, on the bill of complaint and answer, on the ground that the answer is insufficient as a defense." On February 22, 1933, an order was made that "it appearing to the court that more than ten (10) days elapsed between the filing of the defendants' answer and the plaintiff's said motion, now therefore upon due consideration it is ordered, adjudged and decreed that plaintiff's said motion for final decree on bill and answer be and the same is hereby denied." On March 2, 1933, plaintiff moved "for the appointment of a special examiner * * * to take the testimony of witnesses and report the same to the court with due dispatch."

Counsel for defendants endorsed on the motion that they "hereby waive notice and consent to the granting of the above motion." The court granted the motion and appointed a special examiner who took and reported the testimony of witnesses.

On March 10, 1933, counsel for the defendants, Z. Bass

and Annie E. Bass, his wife, set the cause down in the chancery order book "for final hearing on the bill and answer." On March 20, 1933, plaintiff movtd for a limitation of time for taking testimony. On April 1, 1933, the court made an order that the consent of counsel for defendants Bass and wife to the order appointing a special examiner to take testimony in the cause, "after the time for taking testimony had run," "would not constitute a waiver, and that the defendants are entitled to have said cause considered on bill and answer." A rehearing was denied. On May 22, 1933, the special examiner filed his report of testimony taken which was stricken of August 8, 1933. On October 10, 1933, the court vacated the order of August 8, striking the report of the special examiner of testimony taken. On December 8, 1934, the following final decree was rendered:

"This cause coming on this day for final decision by the Court, both parties being represented by counsel before the Court, and the Court being of the opinion that its order heretofore made and entered under date of October 10th, 1933, should be revoked and that its order made under date of August 8th, 1933, should be reinstated and that the case should be considered on bill and answer only, and being of the opinion that the answer presents a defense to the bill of complaint in that the amounts sued for are shown to have been paid off and discharged under the law prior to the institution of suit, and that the equities are with the defendants; it is, thereupon, upon consideration thereof,

"ORDERED, ADJUDGED AND DECREED that the bill of complaint herein be, and the same hereby is, dismissed with prejudice at the cost of the plaintiff."

The court having by its order of February 22, 1933, denied plaintiff's motion for final decree on bill and answer, on the ground that the motion was filed after the time al-

lowed by the statute, as stated in the order, and having by its order of March 2, 1933, with the consent of counsel for two of the defendants, appointed a special examiner to take the testimony in the cause, it was error to strike the report of the testimony taken pursuant to the order of the court, upon the ground that the special examiner was appointed to take the testimony after the time for taking testimony had expired. The appointment of the special examiner, consented to by opposing counsel, was in effect an extension of the time for taking testimony in the cause. If the testimony was not duly taken or if for any reason the testimony as taken should be rejected or other testimony taken in the interest of justice, appropriate order to that end may be made by due course of procedure.

Reversed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.